# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| EARL WATKINS, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:15CV163 JCH |
| STATE OF MISSOURI, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff, Earl Watkins, (registration no. 530385), an inmate at Boonville Correctional Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $.47. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $2.35, and an average monthly balance of $0. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $.47, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff, an inmate at Boonville Correctional Center, brings this action pursuant to 42 U.S.C. § 1983, alleging violations of his civil rights. Named as defendants are: the State of Missouri; the City of St. Louis; Brent M. Berry (Detective); Ramiro Martinez, Jr. (Detective); and Jennifer Joyce-Hayes (Prosecutor).

Plaintiff, Earl Watkins, asserts that on or about October 16, 2013, he was visiting his state parole officer and he was approached by St. Louis City Police Officer Brent Berry for questioning relating to a burglary. Plaintiff states that defendant Officer Martinez assisted in questioning plaintiff at the police station for the alleged charges of burglary in the second degree, theft/stealing over $25,000 and receiving stolen property.

Plaintiff claims that the officers had no evidence relating to the alleged crimes, and that he vehemently denied having participated in the crimes, but that nevertheless he was charged with the crimes and taken to the St. Louis City Justice Center. After arraignment, plaintiff was released pending application of a warrant, and "a week or so later," he was placed on house arrest pending the outcome of the pending case.

Plaintiff claims that on December 27, 2013, Circuit Attorney Jennifer Joyce signed an indictment against plaintiff for the alleged crimes. Plaintiff asserts that "the alleged witnesses on the indictment weren't against the plaintiff Earl Watkins . . . [but were] instead . . . against another offender by the name of Tracy Waller whom months ago admitted to committing the alleged crimes and/or offenses."

Plaintiff claims he was held in the correctional system for seven months before the case against him was dismissed. However, he asserts that "due to the unlawful arrest," his parole was revoked and he was kept in jail awaiting a decision on the parole revocation.

Plaintiff seeks monetary damages for being wrongfully detained.

**Discussion**

Having carefully reviewed plaintiff's complaint, the Court concludes that plaintiff's claim for monetary damages stemming from his parole revocation is *Heck*-barred, *see Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (claim for damages that necessarily implies invalidity of conviction or sentence is not cognizable under § 1983 until judgment or sentence has been

invalidated); and any challenge to his probation or time-served credit must be asserted in a habeas action, *see Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005 ) (state prisoners may use only habeas remedies when they seek to invalidate duration of confinement, either directly through injunction compelling speedier release or indirectly through judicial determination that necessarily implies unlawfulness of state's custody); *Preiser v. Rodriquez*, 411 U.S. 475, 489-90 (1973) (challenge to fact or duration of confinement must be through habeas corpus). As such, the complaint will be dismissed, without prejudice, as legally frivolous.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc.#2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $.47 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 30th day of April, 2015.

/s/ Jean Hamilton

UNITED STATES DISTRICT JUDGE